## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAWN GONSER,

      Plaintiff,

v.

ABBOTT LABORATORIES
d/b/a ABBOTT NUTRITION,

      Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Colin H. Wilkin (P86243)
HURWITZ LAW PLLC
Attorneys for Plaintiff
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@HurwitzLaw.com
Colin@HurwitzLaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Dawn Gonser (hereinafter "Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, brings this action against Defendant Abbott Laboratories d/b/a Abbott Nutrition (hereinafter "Defendant"), and hereby alleges the following:

## INTRODUCTION

1.     Plaintiff asserts claims arising out of Defendant's failure to properly compensate her for overtime work in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219.

1

## PARTIES AND JURISDICTION

2.      Plaintiff is an individual residing in Vicksburg, Kalamazoo County, Michigan.

3.      Defendant is a corporation that maintains operations in Sturgis, Michigan.

4.      The United States District Court for the Western District of Michigan has federal question jurisdiction over Plaintiff's Fair Labor Standards Act of 1938 ("FLSA") claim pursuant to 28 U.S.C. § 1331.

5.      Venue is proper because this is the judicial district in which a substantial part of the events occurred pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6.      Defendant is a corporation that operates a production facility in Sturgis, Michigan.

7.      Plaintiff was hired by Defendant on April 17, 2023, in the position of Sanitation Specialist.

8.      Plaintiff's primary job duties consisted of sanitation and cleaning work within Defendant's production facility in Sturgis, Michigan.

9.      Plaintiff's work was performed under the supervision of her manager and was governed by Defendant's policies and procedures.

10.     Plaintiff had no authority to deviate from Defendant's policies and procedures, or from her manager's instructions.

11.     Plaintiff's primary duties were not directly related to Defendant's management or general business operations.

12.     Plaintiff did not manage or supervise any employees and did not have the authority to hire or fire employees.

2

13. Plaintiff's primary duties did not require knowledge of an advanced type in a field of science or learning, nor did they require the exercise of invention, imagination, originality, or particular talent.

14. Plaintiff was compensated at an hourly rate and was required to track her hours by punching in and out via a time clock.

15. Plaintiff worked the night shift (3rd shift) at Defendant's production facility.

16. Plaintiff was classified as a non-union, hourly employee and was paid $20.50 per hour.

17. Despite the hourly, non-exempt nature of Plaintiff's employment, Defendant failed to properly compensate Plaintiff for all hours worked, including hours worked in excess of forty (40) per week.

18. Plaintiff regularly worked in excess of forty (40) hours per week.

19. On Thanksgiving Day in November 2023, Plaintiff worked 8.1 hours at Defendant's facility and punched in via the time clock.

20. Plaintiff worked a significant amount of overtime throughout her employment with Defendant.

21. Plaintiff worked overtime hours to such an extent that, on July 12, 2024, she fell asleep driving home from work and was involved in an accident approximately two miles from her home.

21. Defendant tracked Plaintiff's working hours via a time clock that recorded time in four-minute increments. Plaintiff always made up time if she arrived late, and her hours were tracked accordingly.

22.     Defendant subjected Plaintiff to an attendance point system, assessing points for late arrivals, consistent with the treatment of a non-exempt hourly employee.

23.     Defendant did not compensate Plaintiff for hours worked in excess of forty (40) hours per week at the required overtime rate.

24.     In addition, Defendant failed to properly compensate Plaintiff for hours worked on paid holidays.

26.     Plaintiff was terminated by Defendant on September 13, 2024.

27.     Following her termination, Defendant posted multiple job listings for "Production Cleaning Specialist" positions for first shift at its Sturgis, Michigan facility on September 18, 2024.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA")

31.     Plaintiff incorporates by reference herein the foregoing paragraphs.

32.     Defendant was an "enterprise engaged in commerce" during all relevant times within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. § 203(s)(1).

33.     Plaintiff's primary duties consisted of non-managerial sanitation and cleaning work in Defendant's production facility in Sturgis, Michigan.

34.     Plaintiff worked at the direction of her manager, and she had no authority to make final decisions as to any aspect of her work.

35.     Plaintiff's duties did not consist of work requiring advanced knowledge that was predominantly intellectual in character.

36.     Plaintiff's duties did not require the exercise of discretion and independent judgment with respect to matters of significance.

37.     Plaintiff did not customarily and regularly direct the work of at least two (2) or more other full-time employees or their equivalent.

4

38.     Plaintiff did not have authority to make hiring decisions.

39.     Plaintiff did not have authority to make firing decisions.

40.     Plaintiff did not have authority to formulate policies or procedures.

41.     Plaintiff did not have authority to waive or deviate from established policies and procedures without prior approval.

42.     Plaintiff consistently and regularly worked more than forty (40) hours per week, but she was not compensated for her overtime work.

43.     Defendant's conduct in this regard was willful and intentional.

44.     Plaintiff is entitled to compensation for economic loss, including but not limited to unpaid overtime wages, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs, and other remedies available at law or in equity.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff demands the following relief:

A.     All damages available under the claims alleged in this lawsuit;

B.     Unpaid overtime wages;

C.     Liquidated damages;

D.     Prejudgment interest;

E.     Reasonable attorneys' fees and costs;

F.     Compensatory damages for economic loss; and

G.     All further relief available at law or in equity.

Respectfully submitted,
HURWITZ LAW PLLC
*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorney for Plaintiff
340 Beakes St. Ste. 125

Ann Arbor, MI 48104
(844) 487-9489

Dated: June 22, 2026

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAWN GONSER,

     Plaintiff,

v.

ABBOTT LABORATORIES
d/b/a ABBOTT NUTRITION,

     Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Colin H. Wilkin (P86243)
HURWITZ LAW PLLC
Attorneys for Plaintiff
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@HurwitzLaw.com
Colin@HurwitzLaw.com

---

**DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Dawn Gonser ("Plaintiff"), by and through her attorneys,

HURWITZ LAW PLLC, and hereby demands a jury trial.

Respectfully submitted,
HURWITZ LAW PLLC
*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorney for Plaintiff
340 Beakes St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: June 22, 2026

7